# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL WEST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:07CV1555 CDP |
| | ) | |
| TERRY R. CUNDIFF, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Yesterday I mistakenly set a hearing on all motions in this case. This was a mistake because when I granted the plaintiff's motion to proceed in forma pauperis, I did not perform the frivolity review required under 28 U.S.C. § 1915(e)(2)(B). After reviewing the filings in this case, along with plaintiff's litigious history before this Court, I find that plaintiff filed this case for an improper purpose and that it should therefore be dismissed as malicious pursuant to 28 U.S.C. § 1915(e).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if at any time it appears that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319,

328 (1989). An action fails to state a claim upon which relief can be granted if does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

A Court may determine that an action or allegation is malicious by referring to objective factors such as the circumstances and history surrounding the filing, the tone of the allegations, and whether probative facts vital to the life of the lawsuit have been alleged. Spencer v. Rhodes, 656 F. Supp. 458, 463 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. Id. at 461-63. When determining whether an action is malicious, the Court need not look only to the complaint before it but may also look to plaintiff's prior litigious conduct. Cochran v. Morris, 73 F.3d 1310, 1316 (4th Cir. 1996).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff filed this lawsuit on September 4, 2007, pursuant to 42 U.S.C. § 1983.

Named as defendants are Terry Cundiff (Judge, Missouri Circuit Court), Philip Ohlms (same), Unknown Oliver (Deputy Sheriff, County of St. Charles, Missouri), and John Does 1-3 (same). In the complaint, plaintiff alleged that defendants Cundiff and Ohlms have jointly conspired to violate the constitutional rights of poor, homeless, or disabled persons in and around the St. Charles County Courthouse by conducting a "covert surveillance program" without a warrant and setting bail for these persons at "$5000 cash only, no 10% authorized," with the specific intent of setting impossible bail requirements. Plaintiff also alleged that defendant Oliver, "in his role as Executive Officer, is charged with ensuring that the general Order is enforced at the St. Charles County Courthouse." Plaintiff requested an order declaring the alleged "general Order" unconstitutional and enjoining its enforcement, along with damages of $1000 against defendants Cundiff and Ohlms, costs, expenses, and fees.

On September 7, 2007, plaintiff filed his first amended complaint, which added three John Doe defendants. Four days later, plaintiff filed his second amended complaint, which added claims that defendants had closed their courtrooms to the public with the specific intention of excluding plaintiff therefrom. Plaintiff did not move for leave of Court to file the second amended pleading.

On October 30, 2007, plaintiff filed his third amended complaint, which added claims that defendants had retaliated against him by refusing to place his motions on

the court's docket. Plaintiff also sought damages from defendants Cundiff and Ohlms in the amount of $20,000 plus $50,000 per day for his various new claims. Plaintiff did not move for leave of Court to file this amended pleading.

On November 14, 2007, plaintiff filed his fourth amended complaint. The fourth amended complaint accuses Judges Cundiff and Ohlms of additional constitutional violations, a civil conspiracy, and a state law tort claim. Plaintiff now seeks over $15 million in compensatory and punitive damages. Plaintiff did not move for leave of Court to file this amended pleading.

In addition to his several complaints, plaintiff has filed two motions for a temporary restraining order, in which he seeks an order from the Court prohibiting defendants from having any contact with him.

**Prior Litigious Conduct**

Since 1995, plaintiff has filed twenty-five cases in this Court. None of the cases has resulted in a verdict in plaintiff's favor. From 1997 through 1998, plaintiff was imprisoned in St. Charles County Department of Corrections. During that time, plaintiff filed several frivolous actions, and, as a result, he was plaintiff was barred from filing any cases in forma pauperis pursuant to 28 U.S.C. § 1915(g).

In February 1997, plaintiff filed a civil rights action against defendant Cundiff, which was summarily dismissed as frivolous on the basis of judicial immunity.

West has filed a total of twelve civil rights actions with the Court. Eight of those cases have been dismissed pursuant to 28 U.S.C. § 1915(e) as frivolous, and two have been dismissed pursuant to 28 U.S.C. § 1915(g).

During this year and last year, plaintiff has filed seven petitions for writ of habeas corpus. A review of the petitions shows that plaintiff has had several arrests and convictions recently for stalking, driving with a suspended license, and failing to appear for court hearings. The allegations in this case arise out of an indictment against plaintiff for driving with a suspended license.

Plaintiff frequently files communications that are hostile towards the Court. It is common practice for plaintiff to accuse the judges of this Court of conspiring with respondents in habeas proceedings, to demand the impeachment of a judge, or to accuse the Court of unconstitutional practices. E.g., West v. Nixon, 4:06CV903 RWS (E.D. Mo.) (Docket Number 10 at p. 4). It appears from these communications that plaintiff expects the Court to rule in his favor immediately upon his filing of a petition or motion. Anything else provokes a tirade of accusations, accusations that are similar to those he has lodged against the defendants in this case.

## Discussion

Both the procedural history of the instant action and plaintiff's litigious history in this Court indicate that this action was brought for the purposes of interfering with

the state criminal proceedings against him and of harassing the judges and other state officials charged with overseeing those proceedings.

First, the tone of the allegations is hostile. The tone is increasingly hostile in each of the four amended complaints. Additionally, each of the amended complaints demands more money than the last, with a final demand for $15 million. This indicates that plaintiff's intent is to harass and intimidate defendants.

Second, plaintiff knows that defendants Cundiff and Ohlms, as judges, are immune from suit – he tried to sue Cundiff in 1997 and that case was summarily dismissed. West v. Cundiff, 4:97CV300 CDP (E.D. Mo.). Plaintiff's attempt to bring a meritless lawsuit against these judges demonstrates that his intent is to harass them and not to vindicate a cognizable right.

Third, plaintiff's motions for a temporary restraining order preventing defendants from having any contact with him is an unambiguous indication that he is attempting to use the federal judicial system to interfere with the state court criminal proceedings against him.

Finally, plaintiff's litigious history in this Court shows that plaintiff is a hostile litigant who perceives the most mundane action of the Court, such as granting a motion for extension of time, to be unconstitutional and worthy of a judge's impeachment. The accusations plaintiff has laid against this Court greatly diminish

those he makes against defendants.

For each of these reasons, the Court finds that this action is malicious and should be dismissed pursuant to 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED**, with prejudice, as malicious under 28 U.S.C. § 1915(e).

**IT IS FURTHER ORDERED** that the hearing previously set for December 14, 2007 is cancelled.

**IT IS FURTHER ORDERED** that all pending motions are denied as moot.

An Order of Dismissal shall accompany this Memorandum and Order.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 4th day of December, 2007.